1

2

3

4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

7   BONNIE COVERDELL,

NO:  4:16-CV-5018-TOR

8                          Plaintiff,

ORDER GRANTING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

9       v.

10  SARAH SCHROEDER, in her official
capacity as Rental Assistance Director

11  of the Walla Walla Housing Authority,
and WALLA WALLA HOUSING

12  AUTHORITY, a political subdivision
of the State of Washington,

13                         Defendants.

14

15        BEFORE THE COURT is Plaintiff's Emergency Motion for Temporary

16  Restraining Order and Preliminary Injunction (ECF No. 5).  A telephonic hearing

17  was held on this matter February 26, 2016.  Tyler W. Graber appeared on behalf of

18  Plaintiff.    John T. Kugler appeared on behalf of the Defendants (in anticipation

19  that he would be retained to represent Defendants).  Rick Gehlhaar, a non-attorney

20  Director of Claims for HARRP, appeared and represented that he would be

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 1

engaging the services of Mr. Kugler to represent the Defendants.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

On February, 22, 2016, Plaintiff filed her Complaint asserting claims under 42 U.S.C. § 1983 for violations of her due process and Section 8 rights in connection to the termination of her housing assistance.  ECF No. 1.

The same day, Plaintiff filed the instant motion seeking a temporary restraining order and preliminary injunction directing Defendants to reinstate Plaintiff's federal Section 8 Housing Choice Voucher ("voucher").  ECF No. 5.

## FACTS[1]

Plaintiff, whose sole source of income is a combination of Supplemental Security Income and Social Security Disability Insurance, has resided at her current home with her husband since 1998.  The home is a rental property located in Dayton, Washington and owned by Vivian Eslick McCauley.

---

[1] Unless otherwise indicated, the following facts are primarily drawn from Plaintiff's complaint and documents appended to the instant motion, and are accepted as true for the purposes of this motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 2

In 2003, Plaintiff applied for and was issued a federal Section 8 voucher through the Walla Walla Housing Authority ("WWHA").[2]  Consequently, on December 1, 2003, Plaintiff entered into a new lease agreement with Ms. Eslick, and on December 19, 2003, Plaintiff, Ms. Eslick, and WWHA entered into a Housing Assistance Payment ("HAP") contract, whereby WWHA agreed to pay a portion of Plaintiff's monthly rent.

As for the remaining portion, Plaintiff and her husband made an oral agreement with Ms. Eslick to act as her property managers and assist in maintaining several of her properties, including a vacant lot next to Plaintiff's home and several mobile homes.  In exchange for their assistance, in lieu of payment Ms. Eslick forgave the portion of rent that was not covered by Plaintiff's voucher.

In October 2015, Ms. Eslick informed Plaintiff that her son would take over all property manager duties.  After this conversation, Plaintiff was unsure if she was now required to pay Ms. Eslick the portion of her rent not covered by her voucher and did not make such payments in October and November 2015.

---

[2] WWHA receives federal funding through the Department of Housing and Urban Development ("HUD") to operate and administer the voucher program within Columbia County, Washington.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 3

1    On November 30, 2015, Defendant Sarah Schroeder mailed Plaintiff a

2 Notice of Termination of Assistance Letter ("First Notice").  The First Notice

3 informed Plaintiff that effective December 31, 2015, her housing assistance will be

4 terminated for violation of the her lease, specifically for "failure to pay your

5 portion of the rent to the landlord."  ECF No. 6-3.  Attached to the First Notice

6 were two complaint letters from Ms. Eslick dated November 12, 2015 and

7 November 20, 2015.  Plaintiff alleges these letters were the first time she was

8 definitively told that her oral agreement with Ms. Eslick was no longer in effect

9 and that she was obligated to resume paying rent.[3]

10    On December 3, 2015, Plaintiff requested a fair hearing to dispute her

11 termination.  A hearing was eventually scheduled for January 29, 2016.

12    On January 29, 2016, Plaintiff and her counsel appeared and disputed the

13 termination at her informal hearing conducted by Hearing Officer Keith Reilly.

14 Defendant Schroeder appeared on behalf of WWHA.  Hearing Officer Reilly

15 instructed the parties that the sole issue before him was whether Plaintiff seriously

16 or repeatedly violated her lease.  ECF No. 6 at 6.  However, at the hearing,

17 Defendant Schroeder presented additional reasons for termination, including

18 reasons that Plaintiff violated WWHA's rules and the terms of the voucher.

19

20

---

[3] Plaintiff paid her portion of rent payments for December 2015 and January 2016.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 4

1    Later that day, after the hearing, Defendant Schroeder mailed Plaintiff a new

2    Notice of Termination ("Second Notice"), based on the reasons she presented to

3    Mr. Reilly at the hearing.  Specifically, the notice cited violation of Plaintiff's

4    obligations (1) to supply necessary and accurate information, (2) to not commit

5    fraud, bribery or any other corrupt or criminal act in connection with the program,

6    and (3) to report change in income and allowances. The letter informed Plaintiff

7    that the termination is "for failure to report income, failure to pay designated tenant

8    portion of rent to the landlord, and for falsifying information to the Housing

9    Authority."  ECF No. 6-7.

10    The same day, Defendant Schroeder mailed Plaintiff and her landlord a

11    Notice of Termination of the HAP contract effective February 29, 2016.

12    On February 3, 2016, Hearing Officer Reilly issued his decision

13    recommending that the termination of Plaintiff's assistance be upheld.  ECF No. 6-

14    9.  However, the decision only rested its determination on the violations cited in

15    the Second Notice and found that Plaintiff did not properly report her income and

16    falsified documents when she failed to report her agreement to act as a property

17    manager in lieu of rent payments.  *Id*. at 3.  The decision acknowledged that the

18    reasons specified in the First Notice, failure to pay rent, were no longer at issue

19    because Plaintiff paid her portion of the rent for December 2015 and January 2016.

20    *Id*. at 2.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 5

On February 5, 2016, Defendant Schroeder mailed Plaintiff a letter denying her request for a hearing to dispute the allegations contained in the Second Notice. Almost two weeks later, on February 18, 2016, Defendant Schroeder mailed Plaintiff another letter informing her that because of the unreported income and the January and February 2016 rent assistance, Plaintiff under-paid her rent portion for a total amount of $5,760.  The letter instructed Plaintiff that she must pay the full amount to WWHA or enter into a repayment plan to avoid being sent to collections.

Subsequently, on February 22, 2016, Plaintiff received a 20-day notice from her landlord to vacate her residence effective March 31, 2016.  Plaintiff alleges that her lease is being terminated because Defendants terminated the HAP contract and that now she faces homelessness.  Plaintiff further alleges that due to her limited income she is likely unable to pay March rent, and consequently, may be evicted prior to March 31, 2016.

In the instant motion, Plaintiff seeks an immediate order directing Defendants to reinstate her housing assistance.

## DISCUSSION

**1. Motion for a TRO**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief in order to prevent "immediate and irreparable

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 6

injury." Fed.R.Civ.P. 65(b).  The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.,* 240 F.3d 832, 839 fn. 7 (9th Cir. 2001*)*.  It "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To obtain this relief, a plaintiff must establish that (1) she is "likely to succeed on the merits," (2) she is "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in h[er] favor," and (4) "an injunction is in the public interest." *Id.* at 20.  Plaintiff must satisfy each element.  Though, a stronger showing of one element may offset a weaker showing of another.  *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks omitted)).

## A. Likelihood of Success on the Merits

Plaintiff has established that she is likely to succeed on the merits concerning certain aspects of her claim.  Specifically, her procedural due process claim.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 7

The right to be heard prior to the deprivation of a property interest is the fundamental protection of the due process clause in the Fourteenth Amendment. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). The Fourteenth Amendment's guarantee of procedural due process applies when a constitutionally protected property or liberty interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 777 (9th Cir. 1982). The Ninth Circuit has held that a low income person has a "constitutionally protected 'property' interest in Section 8 benefits by virtue of her membership in a class of individuals whom the Section 8 program was intended to benefit." *Ressler v. Pierce*, 692 F.2d 1212, 1215-1216 (9th Cir. 1982). Accordingly, Plaintiff has legitimate property interests that require Defendants to provide adequate notice before she is deprived of that property interest.

Here, the submitted evidence indicates Plaintiff did not receive the Second Notice of termination until after her informal hearing, yet Hearing Officer Reilly only relied on the reasons cited in the Second Notice in his decision to uphold the termination of her voucher. In fact, the decision makes no official findings whether the lease was violated, the violation cited in the First Notice, and bases its determinations on violations Plaintiff was initially notified of during the hearing itself and later notified in the Second Notice. Additionally, after the issuance of

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 8

the decision and Second Notice, Defendant Schroeder denied Plaintiff's request for a hearing to dispute the allegations in the Second Notice.

The Court finds the evidence of record indicates that Defendants terminated Plaintiff's housing assistance voucher without providing adequate notice and a meaningful opportunity to dispute the allegations.  Accordingly, Plaintiff has shown she is likely to succeed on the merits of at least her procedural due process claim.

### B. Likelihood of Irreparable Injury

Plaintiff must also "demonstrate that irreparable injury is likely in the absence of an injunction."  *Winter*, 555 U.S. at 22 (emphasis in original).  Plaintiff alleges that irreparable injury will occur without injunctive relief, because she "is at imminent risk of homelessness" due to the threat of eviction and the difficulty of finding safe and affordable housing without housing assistance.  ECF No. 5 at 13.

The imminent threat that Plaintiff will become homeless or evicted constitutes irreparable harm.  *See Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1159 (9th Cir. 2010) (finding irreparable harm absent preliminary relief because tenants face eviction from their rental units); *see also Roe v. Anderson* 966 F. Supp. 977, 986 (E.D. Cal. 1997) (finding irreparable injury were plaintiffs could not find affordable housing due to reduction in their public benefits).  Moreover, the Ninth Circuit has held that "an alleged

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 9

constitutional infringement will often alone constitute irreparable harm."
*Associated Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401,
1412 (9th Cir. 1991) (brackets omitted). Here, Plaintiff has shown the likelihood
of proving a violation of her constitutional rights, providing further support of
irreparable harm. As a result, the Court finds that Plaintiff is likely to suffer
irreparable harm in the absence of injunctive relief.

### C. Balancing of the Hardships

Next, "courts must balance the competing claims of injury and must
consider the effect on each party of the granting or withholding of the requested
relief." *Winter*, 555 U.S. at 24. Plaintiff faces the threat of eviction and the
prospect of homelessness. In contrast, the immediate reinstatement of Plaintiff's
housing assistance voucher does not appear to cause any serious tangible harm to
Defendants, and merely continues the status quo until the Court can make a
determination of the action on the merits. Thus, the Court finds the balance of
hardships tips in Plaintiff's favor.

### D. Advancement of the Public Interest

Finally, [i]n exercising their sound discretion, courts of equity should pay
particular regard for the public consequences in employing the extraordinary
remedy of injunction." *Winter*, 555 U.S. at 24 (citation omitted). The public
inquiry primarily addresses impact on non-parties rather than parties. *League of*

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 10

*Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted).  The Court finds the public interest is served through the issuance of a TRO in response to a government agency depriving a community member of her due process.

The Court concludes Plaintiff meets all four prongs of the *Winter* test, and accordingly, her motion requesting a TRO is granted.

**2.  Bond**

Federal Rule of Civil Procedure 65(c) require the posting of a security by Plaintiff  "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  However, the Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quotation marks omitted; emphasis in original); *see Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (waiving bond where plaintiffs were "very poor").  Accordingly, because of Plaintiff's poverty and the extremely short duration of this temporary restraining order, at this time, the Court sets the bond amount at zero.

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 11

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2    1.  Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 5)

3        is **GRANTED**.  That portion of Plaintiff's Motion, ECF No. 5, seeking a

4        preliminary injunction is **reserved**.

5    2.  Effective today, February 26, 2016 at 9:30 a.m., Defendants are hereby

6        required to reinstate Plaintiff's federal Section 8 voucher and to continue

7        making payments to Plaintiff's landlord pursuant to the parties' HAP

8        contract.  This restriction shall automatically expire at midnight on March

9        11, 2016, unless specifically extended by further order of the Court.

10   3.  A telephonic hearing on whether a preliminary injunction should issue is set

11       for **March 11, 2016 at 9:00 a.m.**  The parties are directed to call the Court's

12       conference line at (888) 273-3658 five (5) minutes prior to the designated

13       hearing time.  When prompted, enter Access Code 2982935 and Security

14       Code 5018.  The use of cellular or speakers phones is not permitted for

15       telephonic proceedings.

16   //

17   //

18   //

19   //

20   //

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

    4.  Plaintiff shall arrange for this Order to be personally served upon

Defendants at the earliest possible time.  Petitioner shall file proof of service

prior to the hearing.

    The District Court Clerk is directed to enter this Order and provide copies to

counsel.

    **DATED** February 26, 2016.



                        THOMAS O. RICE
                  Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER ~ 13